UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14503-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

EARL BUTLER,

    Petitioner,

v.

MARK INCH,

    Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Petitioner's Final Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences, following a jury trial, in case no. 2011-CF-814 entered in the State Circuit Court in and for Highlands County, Florida. [ECF No. 16]; *see also* [ECF Nos. 21, 22-1 at 324] (demonstrating slight variations to the underlying criminal case number).

This Cause has been referred to the Undersigned for consideration and report, pursuant to S.D. Fla. Admin. Order 2019-02. [ECF No. 6]. For the reasons detailed below, the Petition should be denied. [ECF No. 16].

## II. Claims

Construing the Petition liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises the following grounds for relief:

> 1a. Counsel was ineffective for failing to investigate facts to support dismissal of the battery on a law enforcement officer charge;
>
> 1b. Counsel was ineffective for not correcting the jail credit that Petitioner was entitled to and the prison releasee reoffender designation;
>
> 2. Counsel was ineffective for not investigating and presenting to the jury the racial bias of officers;
>
> 3. Counsel was ineffective for failing to file a motion in limine or object to a witness's testimony, which would have preserved the error caused by allowing testimony from a witness not identified during discovery;
>
> 4. Counsel was ineffective for failing to obtain evidence and have it checked for fingerprints by an expert;
>
> 5. Counsel was ineffective for failing to investigate or research the "reclassification of the possession of cocaine charge and possession of marijuana charge" with intent to sell;
>
> 6. Counsel was ineffective for failing to locate or call witnesses who would have testified favorably;
>
> 7. Counsel was ineffective for failing to investigate the facts and request a *Franks*[1] hearing.

[ECF No. 16].

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

### III. Pertinent Factual and Procedural Background

Petitioner was charged with (1-2) two counts of battery on a law enforcement officer, (3) resisting officers with violence, (4) possession of cocaine within 1000 feet of a church with intent to sell, (5) possession of marijuana within 1000 feet of a church with intent to sell, and (6) possession of drug paraphernalia. [ECF No. 22-1 at 11-14].

Following a jury trial, the jury found Petitioner guilty on all counts. [*Id.* at 22-23]. The trial court entered a judgment and sentence on March 4, 2013, imposing a sentence of 10 years' imprisonment on Counts 1-3; 30 years' imprisonment on Count 4; 15 years' imprisonment on Count 5; and time served on Count 6. [ECF No. 22-1 at 25-37]. The sentences on Counts 1-5 were to be served concurrently. [*Id.*]. The Court afforded one day of jail credit and designated Petitioner as a prison releasee reoffender and as a habitual felony offender. [*Id.* at 37].

Petitioner appealed. [*Id.* at 46]. Petitioner raised only one issue on direct appeal: the trial court erred by denying a motion to suppress. [*Id.* at 50-73]. The Florida Second District Court of Appeal ("Second DCA") affirmed without written opinion. [*Id.* at 95]. No further review was sought.

Petitioner filed a Rule 3.850 Motion. [*Id.* at 99-110, 112-25, 129-40]. The State Circuit Court denied several claims and provided Petitioner with an opportunity to amend a number of claims. [*Id.* at 142-47]. Movant filed another

3

Amended Rule 3.850 Motion. [*Id.* at 219-41]. The State Circuit Court again denied many of Petitioner's claims but ordered a response from the State on three claims. [*Id.* at 243-48]. Petitioner sought leave to supplement or amend. [*Id.* at 304-05, 307-18]. After the State filed its response, an evidentiary hearing was held to resolve one claim, and all other claims were either denied or dismissed. [*Id.* at 350-53]. Following the hearing, the Court denied the unresolved claim. [*Id.* at 355-56].

Petitioner appealed. [*Id.* at 359]. With an appointed appellate attorney, Petitioner raised one claim: whether the State Circuit Court erred by denying Petitioner's ineffective-assistance claim regarding jail credit that should have been afforded. [*Id.* at 366-75]. The Second DCA affirmed without written opinion. [*Id.* at 387]. The mandate issued on December 19, 2018. [*Id.* at 389].

Next, Petitioner filed a Petition for Writ of Habeas Corpus in the Second DCA claiming his appellate counsel was ineffective. [*Id.* at 394-410]. The Petition was denied in part and granted in part with instructions for the State Circuit Court to resentence Petitioner without the prison releasee reoffender enhancement. [*Id.* at 422-24]. The State Circuit Court entered its order reflecting those changes on September 12, 2016. [*Id.* at 428]. No other state court proceedings are pertinent to this action.

This § 2254 action began in December 2018 when Petitioner filed his initial petition for writ of habeas corpus. [ECF No. 1]. The final amended version of the

4

Petition, which was docketed on February 8, 2019, is the operative pleading in this case. [ECF No. 16].

## IV. Timeliness

Respondent does not contest the timeliness of the Petition. [ECF No. 21 at 4]. Any timeliness defense that may have applied is, therefore, waived.

## V. Exhaustion

Pursuant to 28 U.S.C. 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)-(c)).

Respondent asserts that a portion of one of the sub-claims in Ground One was exhausted and that all other claims were unexhausted. Petitioner did not file a reply. As shall be addressed later in this Report, Respondent is correct. The unexhausted claims should be denied.

## VI. Standard of Review

Several limits exist on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The most restrictive limit is that found in § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), pursuant to § 2254(d), a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' federal law if the 'state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 844 (11th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (internal brackets omitted). A state court's decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Consalvo*, 664 F.3d at 844 (quoting *Williams*, 529 U.S. at 413). Importantly, AEDPA's deferential standard under § 2254(d) applies only whenever state court proceedings adjudicated a claim on the merits. *See Cullen*, 563 U.S. at 181.

To qualify as an adjudication on the merits, very little is required. In fact, federal courts should presume that § 2254(d)'s deference applies. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Even where there was a summary denial and no reasons for the denial of relief were articulated by the state trial court, such a ruling is also presumed to be an adjudication on the merits. *Id.* at 100; *see also Gill v. Mecusker*, 633 F. 3d 1272, 1288-89 (11th Cir. 2011) (acknowledging the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference).

"The presumption [in favor of a merits ruling existing] may be overcome" only "when there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99-100 (relying upon *Ylst v. Nunnemarker*, 501 U.S. 797, 803 (1991)).

Recently, in *Wilson v. Sellers*, 138 S. Ct. 1188, 1192-94 (2018), the Supreme Court held there is a "look through" presumption in federal habeas corpus law, as silence implies consent. This means federal courts should rely upon the "last related state-court decision" that provides a relevant rationale when the highest state court's

adjudication on the merits of a claim is unaccompanied by an explanation. *See id.* at 1192.

Federal courts may also deny § 2254 petitions if the claims would fail under *de novo* review, a more favorable standard, as a habeas petitioner would surely not be entitled to a writ under § 2254(d) if their claim would fail under that standard. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010); *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014). In doing so, federal courts may decline to resolve whether § 2254(d) applies. *See Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

## VII. Discussion

A. <u>Generally Applicable Substantive Law</u>

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense.

8

*Strickland*, 466 U.S. at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland*. *See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

The deficiency prong is met if no competent counsel would have taken the action that counsel took during the proceedings. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Regarding the prejudice prong, it is met if, but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been favorable. *Strickland*, 466 U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Strickland*, 466 U.S. at 687.

B. <u>Ground One</u>

In Ground One, Petitioner claims his Counsel was ineffective for (a) failing to investigate the pertinent facts and law to support a motion to dismiss and (b) failing to correct Petitioner's jail credit and prison releasee reoffender designation. [ECF No. 16 at 7-8].

Respondent correctly argues the only claim that was properly exhausted was the sub-claim referencing jail credit because no other parts of this claim were raised

in the Second DCA after Petitioner's Rule 3.850 motion was denied. [ECF No. 21 at 7] (citing ECF No. 22-1 at 372-75]). Because all other portions of the instant claim were not raised in the Second DCA, only Petitioner's challenge to the jail credit was exhausted and all other claims are unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Therefore, absent an equitable exception, Petitioner's challenge to Counsel's failure to file a motion to dismiss and to the prison releasee reoffender designation are procedurally barred. Whether an equitable exception applies to those sub-claims shall be addressed later in this Report.

With respect to whether Counsel was ineffective for not challenging the alleged jail credit error, Petitioner is not entitled to relief. The Second DCA affirmed the denial of this claim [ECF No. 22-1 at 387], meaning it is presumptively adjudicated on the merits. *See Richter*, 562 U.S. at 99-100. The jail credit ineffective-assistance claim is, therefore, subject to § 2254(d).

The Second DCA's silent reasoning presumptively relied upon the reasoning of the State Circuit Court, *see Wilson v. Sellers*, 138 S. Ct. at 1192-94, which relied upon Highlands County Jail records to find Petitioner was entitled to only one day of jail credit. [ECF 22-1 at 351]. Records confirm Petitioner was in custody on

August 28, 2011, and was released on that same day for this case, Case No. 11000814CFMA. [ECF No. 22-1 at 324]; *see also* [ECF No. 16 at 2] (showing the Petition challenged the convictions and sentences in that case number). In a different case number, Petitioner was in custody for 347 days. [*Id.*].

Because the record appears to support the findings of the State Circuit Court, Petitioner has not shown an unreasonable determination of the facts under § 2254(d). As such, Petitioner cannot show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Petitioner, therefore, cannot show the state courts unreasonably applied *Strickland*, meaning the jail credit sub-claim must be denied for failure to satisfy § 2254(d).

C. <u>Grounds Two through Seven</u>

In Ground Two, Petitioner contends his pre-trial and trial attorneys were ineffective for not uncovering and presenting to the jury the racial bias of the arresting officers. [ECF No. 16 at 9]. As Ground Three, Petitioner claims Counsel was ineffective for failing to file a motion in limine or object to a witness's testimony, which would have preserved, the error caused by allowing testimony from a witness not identified during discovery. [ECF No. 16 at 9-11]. Ground Four contends Counsel was ineffective for failing to have certain items tested for

fingerprints. [*Id.* at 11-12]. Ground Five submits Counsel was ineffective for failing to investigate, research, and challenge the reclassification of the charges for drug possession to intent to sell. [*Id.* at 12-14]. With respect to Ground Six, Petitioner claims Counsel was ineffective for failing to investigate and call certain witnesses at trial. [*Id.* at 14-16]. Lastly, in Ground Seven, Petitioner contends Counsel was ineffective for failing to request a *Franks* hearing. [*Id.* at 16-18].

Respondent argues those claims are unexhausted because they were not raised in the Second DCA after Petitioner's Rule 3.850 was denied in the State Circuit Court. [ECF No. 21 at 9-12, 14, 17]. The record confirms Grounds Two through Six were never raised in the Second DCA during postconviction. [ECF No. 22-1 at 365-75].

Florida prisoners ordinarily raise ineffective-assistance challenges in a Rule 3.850 motion. *Allen v. Sec'y, Fla. Dep't of Corr.*, 767 F. App'x 786, 791 (11th Cir. 2019) (citing *Reynolds v. State*, 99 So.3d 459, 474 (Fla. 2012)). Those claims were not presented to the Second DCA after Petitioner's Rule 3.850 was denied.

Grounds Two through Seven are, therefore, unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

12

If Petitioner were to raise the unexhausted claims in a new Rule 3.850 motion, the claims would now be dismissed as successive filings. *See, e.g.*, *Fox v. State*, 60 So. 3d 1177 (Fla. 4th DCA 2011) (showing Rule 3.850 motion challenging a 2003 revocation of probation after a 2006 resentencing and 2007 belated appeal still rendered the motion successive).

Consequently, the Court need not provide Petitioner with an opportunity to exhaust the unexhausted portions of Ground One or any of the issues raised in Grounds Two through Seven because exhaustion in state court would now be futile. *See, e.g.*, *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998); *Ivy v. Fla. Dep't of Corr.*, 543 F. App'x 923, 927-28 (11th Cir. 2013). Unless an equitable exception applies, the unexhausted claims cannot be addressed on the merits and will not entitle Petitioner to relief, as they are procedurally barred.

D. Equitable Exceptions

*i. Cause and Prejudice*

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." *Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir. 2006).

Where there was "something external" that cannot "fairly be attributed" to the litigant's conduct, which impeded a litigant's efforts to comply with the procedural rule, cause exists. *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (relying upon

*Coleman*, 501 U.S. at 753). "To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Harris v. Comm'r, Alabama Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017) (quoting *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)) (internal quotations omitted).

Throughout his Petition, Petitioner stated that all of the claims were exhausted. [ECF No. 16]. He never filed a Reply to the Government's assertions that the claims were unexhausted. Because the record supports Respondent's assertions, Petitioner failed to carry his burden of showing cause and prejudice to excuse the procedural default exists.

### ii. Actual Innocence

Despite the existence of a procedural bar, courts may excuse the default if failing to hear the merits "would endorse a fundamental miscarriage of justice." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (relying upon *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). Under this miscarriage-of-justice exception, "actual innocence, if proved, serves as a gateway through which a [§ 2254] petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (relying upon *House v. Bell*, 547 U.S. 518 (2006) and *Schlup v. Delo*, 513 U.S. 298 (1995)).

To qualify under this exception, petitioners must show that, in light of the new evidence, no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt. *See McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation" will not allow a federal court to review the procedurally barred claim through this exception. *Schlup*, 513 U.S. at 316.

Petitioner has not identified new reliable evidence to support that he is actually innocent in order to excuse the procedural default of his claim. Instead, Petitioner incorrectly asserts that his claims are exhausted, and failed to respond to the Government's contentions. Because Petitioner has not proffered any reliable evidence showing he is actually innocent, no equitable exception applies. Grounds Two through Seven and the unexhausted portion of Ground One are, therefore, procedurally barred.

### VIII. Evidentiary Hearing

Pursuant to 28 U.S.C. § 2254(e)(2), federal courts "shall not hold an evidentiary hearing" "unless the application shows" that his claim relies upon "a new rule of constitutional law, made retroactive to cases on collateral review" or "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" As neither provision applies, the Court cannot grant a hearing.

*See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 184-86 (2011) (reasoning a federal evidentiary hearing is barred even if § 2254(d)'s deferential bar does not apply).

## IX. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a district court denied claims on procedural grounds, COA is warranted if reasonable jurists would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and if the correctness of the district court's procedural ruling is debatable. *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Here, COA is unwarranted, as the procedural rulings are not debatable and the only claim resolved on the merits did not satisfy § 2254(d).

## X. Conclusion

Based upon the foregoing it is recommended that:

1. the federal habeas petition be DENIED [ECF No. 16];

2. an evidentiary hearing be DENIED;

3. a certificate of appealability NOT ISSUE; and,

4. the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen (14) days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 6th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Earl G. Butler
G02261
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
PRO SE

Sonya Roebuck Horbelt
Office of the Attorney General
Criminal Appeals Division
Concourse Center 4 Suite 200
3507 E Frontage Road
Tampa, FL 33607
Email: sonya.horbelt@myfloridalegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com